IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 MAY 26  A 9: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| CURTIS W. BAKER, DMD, | § | |
| Plaintiff, | § | CASE NO |
| vs. | § | ~~2005~~- 2:05cv497-B |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | Formerly CV-2005-117-F in the Circuit Court of |
| Defendants. | § | Chilton County, Alabama |

---

## NOTICE OF REMOVAL

---

TO:     Joel S. Rogers, III, Esquire
        Amy I. Rogers, Esquire
        Post Office Box 5180
        Clanton, Alabama  35046

        Mike Smith, Clerk
        Circuit Court of Chilton County
        Post Office Box 1946
        Clanton, Alabama  35046

**Formerly Chilton County Circuit Court Case No. CV 2005-117-F**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Unum Life Insurance Company of America ("Unum Life") hereby serves notice of the removal of this cause from the Circuit Court of Chilton County, Alabama, to this Honorable Court. The removal of this cause is based upon diversity jurisdiction.

1.    This lawsuit was originally filed on or about April 14, 2005, in the Circuit

- 1 -

Court of Chilton County, Alabama, and assigned case number CV-2005-117-F. Plaintiff named Unum Life as Defendant.

2.    Unum Life was served with a copy of the summons and complaint on April 26, 2005. Thus, this Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint upon the earliest served defendant and within the time allowed by law. *See* 28 U.S.C. § 1446(b); *FED. R. CIV. P.* 6(a).

3.    Pursuant to 28 U.S.C. § 1446(d), Unum Life has this day served a copy of this Notice by mail on Plaintiff and by mail on the Clerk of the Circuit Court of Chilton County, Alabama.

4.    The documents attached hereto as *"Exhibit A"* constitute a copy of the process, pleadings and orders served upon Defendant in this action.


## DIVERSITY JURISDICTION

5.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6.    To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.    Plaintiff Is Diverse From Defendants.

7.    Plaintiff is "a resident citizen of Chilton County, Alabama." (Complaint at ¶ 1). Defendant Unum Life is a corporation organized and existing under the laws of the state of Maine with its principal place of business in Maine.

- 2 -

8.    Because Unum Life's citizenship is diverse from Plaintiff's state of citizenship, there is complete diversity of citizenship.

## B.    The Amount In Controversy Exceeds $75,000.

9.    Plaintiff's claims in this action arise out of his claim for benefits under three different disability policies, a business overhead policy and "one or more lifetime rider policies." (*See, e.g.*, Complaint at ¶ 3 and the Declaration of Sandy Giordano, attached hereto as "*Exhibit B*").

10.    Plaintiff demands judgment against Unum Life in an unspecified amount on his claims of breach of contract, misrepresentation and bad faith. (Complaint). Among other allegations, Plaintiff's complaint asserts that Defendant admitted owing Plaintiff money and subsequently advised, on or around December 7, 2004, that it "would not be generating payments to the Plaintiff even though the Defendant corporation, and/or fictitious party A, admitted owing the amount of $28,500.00 in its letter of September 1, 2004 and that the Plaintiff became aware of a fraud worked upon him on or about December 7, 2004." (Complaint at ¶ 14).    Plaintiff further asserts that "after the Plaintiff incurred his disability, the Defendant corporation, and/or fictitious party A, changed one or more of the Plaintiff's lifetime rider policies." (Id. at ¶ 22).

11.    Plaintiff seeks both compensatory and punitive damages. (Complaint). He expressly claims that he "has suffered emotional distress and other damages." (*See, e.g.*, Complaint at ¶ 17).

12.    A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *See Steele v.*

*Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"). If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon its claim. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994). Accordingly, where there is an unspecified claim for damages, as here, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also* 28 U.S.C. § 1332(a). This low burden of proof is "warranted because there is simply no estimate of damages to which a court may defer." *Id.*

13.    Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). For purposes of establishing the jurisdictional amount in controversy, "multiple claims for relief can and should be considered together in determining [that] amount." *Howard v. Globe Life Ins. Co.*, 973 F. Supp 1412, 1418 (M.D. Fla. 1996) (citing with approval *Pipes v. American Security Ins. Co.*, CV 96-H-206-NE (N.D. Ala. February 29, 1996)); 14A Wright and Miller, *Federal Practice and Procedure* § 3704 (value of claims are added together to determine jurisdictional amount).

14.  The policies pay benefits on a monthly basis contingent upon ongoing proof of entitlement.  Plaintiff claims that he became disabled on December 18, 2002. (Complaint at ¶ 4).  As is evidenced by the Declaration of Sandy Giordano, attached hereto as *"Exhibit B,"* plaintiff has been paid certain benefits under the four subject policies.    While Plaintiff's entitlement to further benefits is disputed, assuming, *arguendo,* that he is entitled to benefits under each of the four policies through May 25, 2005, he would be owed an additional $16,772.60 as of that date.  (Declaration of Sandy Giordano).  Additional benefits would accrue at a rate of $5,780.00 per month if plaintiff was entitled to benefits under all four policies beyond May 25, 2005, which entitlement is also denied.  (*Id.*).

15.    Based on the allegations in the Complaint, by a preponderance of the evidence, the amount in controversy in the present case will more likely than not exceed $75,000 notwithstanding that Plaintiff demands an unspecified amount of damages.   Plaintiff's Complaint alleges breach of contract, misrepresentation and bad faith.  (Complaint at Counts One through Three).    These claims (though Defendant insists that they are without merit) will create a basis on which Plaintiff could recover compensatory damages in the form of mental anguish and could recover punitive damages.  *See, e.g., Reserve National Life Ins. Co. v. Crowell,* 614 So. 2d 1005, 1011-12 (Ala. 1993) (mental anguish compensatory damages for fraud and misrepresentation claims); *Ford Motor Company v. Sperau,* 708 So. 2d. 111 (Ala. 1997) (punitive damages and mental anguish damages for fraud and misrepresentation claims); *United Services Auto. Ass'n v. Wade,* 544 So. 2d 906, 917 (Ala. 1989)

- 5 -

(punitive damages for bad faith claim).

16. While Unum Life maintains that Plaintiff is entitled to neither compensatory nor punitive damages, Alabama courts have routinely allowed compensatory and punitive damage awards in excess of $75,000. *See, e.g., Ford Motor Company v. Sperau*, 708 So. 2d. 111 (Ala. 1997) (jury award of $6 million in punitive damages, and award of $2.5 million in compensatory damages for mental anguish); *First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) (affirming award of damages for emotional distress in a fraud case for as much as $450,000); *Foremost Insurance Company v. Parham*, 693 So. 2d 409 (Ala. 1997) (punitive damages with ratios to compensatory damages of approximately 94 to 1 ($175,000 punitive to $1,868 compensatory) and 121 to 1 ($173,000 punitive to $1,429.43 compensatory)).  Other courts have commented on the excessive damage awards in Alabama. *See Jackson v. American Banker Ins. Co. of Florida*, 976 F. Supp. 1450 (S.D. Ala. 1997) (reviewing recent history of tremendously large punitive damages verdicts in Alabama).

17. Considering Plaintiff's allegations, which, if believed by a jury, could support both mental anguish damages and punitive damages, and considering the recent history of Alabama courts in awarding large damage awards for both mental anguish and punitive damages, it is more likely than not that the amount in controversy in the present case exceeds $75,000, exclusive of interest and costs.

18. Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable

under 28 U.S.C. § 1441, *et seq.*

## CONCLUSION

For the reasons stated herein, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Thus, Unum Life Insurance Company of America respectfully requests that this Honorable Court assume jurisdiction over this action.

Respectfully submitted,

Henry T. Morrissette    hmorrissette@handarendall.com
Douglas W. Fink    dfink@handarendall.com
Attorneys for Defendant
Unum Life Insurance Company of America

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, May 25, 2005, served a copy of the foregoing pleading on the following listed counsel of record by mailing the same by United States mail, property addressed and first class postage prepaid.

COUNSEL OF RECORD:

Joel S. Rogers, III, Esquire        joelsrogers@mindspring.com
Amy I. Rogers, Esquire
Post Office Box 5180
Clanton, Alabama 35046
358318_1

- 7 -