| | |
|---|---|
| CURTIS W. BAKER, DMD<br>PLAINTIFF,<br><br>VS.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, "A", whether singular or plural, the contracting party who breached said contract on the date complained of, whose true and correct name is unknown at this time, but which will be substituted by amendment when ascertained;<br>DEFENDANTS. | IN THE CIRCUIT COURT OF<br><br>CHILTON COUNTY, ALABAMA<br><br>CASE NO.: CV-05-117 F<br><br>CTK .... 03 2005 |

## COMPLAINT

COMES NOW the Plaintiff, Curtis W. Baker, DMD, by and through his attorneys of record, Joel S. Rogers, III and Amy I. Rogers, and shows unto this Honorable Court the following facts and conditions:

## COUNT ONE
## (BREACH OF CONTRACT)

1. That the Plaintiff, Curtis W. Baker, DMD, is over the age of nineteen (19) years and is a resident citizen of Chilton County, Alabama.

2. That the Defendant, UNUM Life Insurance Company of America, and/or fictitious party A, is a Corporation doing business in the State of Alabama, Chilton County and was doing business in said county on the date of which is complained.

3. That the Plaintiff has three (3) different disability policies with the Defendant corporation, and/or fictitious party A, including policy numbers H0601154, LAD169168, LAN550174 and one (1) business overhead policy, policy number LAN550175 and one or more lifetime rider policies and that the Plaintiff has complied with all provisions of the above stated policies.

4. That the Plaintiff became disabled on December 18, 2002 and his disability benefits began to accrue on policy number H0601154, a disability policy, on

January 18, 2003 after a thirty (30) day elimination period, on policy numbers LAD169168 and LAN550174, both disability policies, on March 19, 2003 after a ninety (90) day elimination period, and on policy number LAN550175, a business overhead policy, on January 2, 2003 after a fourteen (14) day elimination period.

5. That the Plaintiff has total loss of the use of his hearing. That under the contract "total loss of use" is not defined. The Plaintiff is unable to hear to a degree that he cannot carry on a conversation. While the Plaintiff can detect noise, which may not be considered a total loss of hearing, the policy requires that the Plaintiff have a "total loss of *use* of hearing." It is the Plaintiff's contention that the ability to detect loud noises does not amount to any "use" of his hearing, especially in a work setting.

6. Under policy number LAD169168 issued by the Defendant corporation, and/or fictitious party A, if the Plaintiff has total loss of the use of his hearing in both ears, he is entitled to the Loss of Use benefit which is a monthly benefit received during the duration of the loss of use and not to exceed twenty-four (24) months.

7. That the Plaintiff was originally denied the Loss of Use benefit by the Defendant corporation, and/or fictitious party A, and after this original determination was appealed, the Defendant corporation, and/or fictitious party A, determined that the Plaintiff was entitled to the Loss of Use benefit.

8. That the only payment that the Plaintiff has received was approximately $6,000.00, which was the benefit that he was entitled during the ninety (90) day elimination period under policy number LAD169168.

9. That the Plaintiff is entitled to the Loss of Use benefit for a period of twenty-four (24) months so long as his loss of use continues.

10. That the Plaintiff is entitled to benefits under policy numbers H0601154, LAN550174, and LAN550175 as well as one or more lifetime rider policies.

WHEREFORE, Plaintiff demands judgment against the Defendant corporation, interest, costs, and other compensatory damages this Court finds proper to award him.

## COUNT TWO
### (MISREPRESENTATION AND FRAUD)

11. The Plaintiff realleges paragraphs 1 through 10 as if set out fully herein.

12. That on September 1, 2004, the Defendant corporation, and/or fictitious party A, through its agent, Sandy Giordano, sent a letter to the Plaintiff's counsel stating that the Defendant Corporation, and/or fictitious party A, would pay to the Plaintiff the amount that they would owe him in the future in a lump sum payment equaling $28,500.00

13. That the $28,500.00 lump sum payment was split into four (4) different sums that were added together to wit: Claim # 13-H0601154-001 equaling $3,500.00; Claim # CLA023990, under the disability policy number LAD169168, equaling $10,400.00; Claim # CLA023991, under the disability policy number LAN550174, equaling $10,000.00; and Claim # CLA023992, under the overhead policy number LAN550175, equaling $4,600.00.

14. That a telephone conversation occurred on or around December 7, 2004 between Plaintiff's counsel and the Defendant corporation's agent, and/or fictitious party A's agent, Sandy Giordano, during which conversation Sandy Giordano explained that after January 18, 2005, the Defendant corporation, and/or fictitious party A, would not be generating payments to the Plaintiff even though the Defendant corporation, and/or fictitious party A, admitted owing the amount of $28,500.00 in its letter of September 1, 2004 and that the Plaintiff became aware of a fraud worked upon him on or about December 7, 2004.

15. That the Plaintiff has been put in a position where he is to accept the offer from the Defendant corporation's agent, and/or fictitious party A's agent, Sandy Giordano, or not have payments generated to him after January 18, 2005.

16. That the Defendant corporation, and/or fictitious party A, misrepresented to the Plaintiff the actions that they would take in the event that he became disabled in that they would pay on the policies that the Plaintiff negotiated for and that after the Plaintiff became disabled, the Defendant corporation, and/or

fictitious party A, changed one or more of the Plaintiff's lifetime rider policies.

17. That the Plaintiff has suffered emotional distress and other damages as a result of his worry over his financial situation.

WHEREFORE, Plaintiff demands punitive and compensatory damages against the Defendant corporation in an amount that is within the jurisdictional authority of this Court to fairly compensate him for the damages and injuries he sustained, plus interest and costs.

## COUNT THREE
### (BAD FAITH)

18. The Plaintiff realleges paragraphs 1 through 17 as if set out fully herein.

19. That the Plaintiff had three (3) different disability policies with the Defendant corporation, and/or fictitious party A, one (1) business overhead policy, and one or more lifetime rider policies.

20. That the Defendant corporation, and/or fictitious party A, is in breach of disability policy number LAD169168 in that they have not paid the Plaintiff his Loss of Use benefit.

21. That after the Defendant corporation, and/or fictitious party A, admitted owing the Plaintiff $28,500.00, the Defendant corporation, and/or fictitious party A, in effect withdrew any offer to pay the Plaintiff on his policies when the Plaintiff did not accept the offer to accept the lump sum payment of $28,500.00 stating that the Defendant corporation, and/or fictitious party A, would not be able to generate payments after January 18, 2005.

22. That the Defendant corporation, and/or fictitious party A, is in breach of one or more of the Plaintiff's lifetime rider policies in that after the Plaintiff incurred his disability, the Defendant corporation, and/or fictitious party A, changed one or more of the Plaintiff's lifetime rider policies.

WHEREFORE, the Plaintiff prays that this Honorable Court will award him compensatory and punitive damages in an amount that this Court would deem proper.

_____
Curtis W. Baker, DMD
Plaintiff

_____
Joel S. Rogers, III
Bar No.: ASB-4922-R52J
Attorney for Plaintiff
P. O. Box 1580
Clanton, AL 35046
Telephone: (205) 755-7880
Facsimile: (205) 755-7881

_____
Amy I. Rogers
Bar No.: ASB-8129-A57R
Attorney for Plaintiff
P. O. Box 1580
Clanton, AL 35046
Telephone: (205) 755-7880
Facsimile: (205) 755-7881

## AFFIDAVIT

STATE OF ALABAMA
CHILTON COUNTY

Before me, the undersigned authority, a Notary Public in and for said State and County, personally appeared **Curtis W. Baker, DMD**, who being known to me and after being duly sworn, deposes and says that he has read the foregoing Complaint, that it was prepared at his direction and the averments and facts stated therein are true and correct to the best of his knowledge, information and belief.

_____
Curtis W. Baker, DMD
Plaintiff

SWORN TO AND SUBSCRIBED before me this the 12th day of April, 2005.

_____
Notary Public
My Commission Expires: 9/12/07

**PLANTIFF DEMANDS TRIAL BY A STRUCK JURY FOR ALL ISSUES IN THIS CAUSE**

_/s/ Joel S. Rogers, III_
Joel S. Rogers, III