IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS W. BAKER, DMD, | § | |
| Plaintiff, | § | CASE NO |
| vs. | § | 2:05-CV-497-B |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | | |

## ANSWER

Defendant Unum Life Insurance Company of America ("Unum Life") answers the complaint of the plaintiff in the above-styled action as follows:

### COUNT ONE

1.    Upon information and belief, Unum Life admits the allegations of paragraph 1.

2.    Unum Life submits to the personal jurisdiction of this Court for purposes of this lawsuit.  Unum Life denies the remaining allegations of Paragraph 2 of the Complaint, as worded.

3.    Unum Life admits that policy number H0601154, was issued by New York Life, that policy numbers LAD169168 and LAN550174 were issued by Unum Life, and that policy number LAN550175, a business overhead policy, was issued by Unum Life.  The policies speak for themselves.  To the extent the allegations of Paragraph 3 differ from the terms of the policies, Unum Life denies those allegations.

- 1 -

Unum Life denies the remaining allegations of Paragraph 3 of the Complaint, as worded.

4.    Unum Life admits that plaintiff claimed to have become disabled under the policies on or about December 18, 2002 and further admits that benefits were paid under the policies.  Answering further, the exact date on which benefits were due and payable is governed by the terms of the policies, which terms speak for themselves.   To the extent the allegations of Paragraph 4 differ from the terms of the policies, Unum Life denies those allegations.   Unum Life denies the remaining allegations of paragraph 4.

5.    Unum Life denies that plaintiff is entitled to further benefits under the subject policies.  The terms of the subject policies speak for themselves and Unum Life denies the allegations of Paragraph 5 to the extent those allegations differ from the terms of the subject policies.  The remaining allegations of Paragraph 5, as worded, do not provide sufficient information for Unum Life to form a belief as to the truth of those allegations and, therefore, Unum Life denies the same.

6.    Unum Life denies that plaintiff is entitled to further benefits under the subject policy.  The terms of the subject policy speak for themselves and Unum Life denies the allegations of Paragraph 6 to the extent those allegations differ from the terms of the subject policy.  Unum Life denies the remaining allegations of Paragraph 6.

7.    Unum Life denies that plaintiff is entitled to further benefits under the subject policies.  The remaining allegations of Paragraph 7, as worded, do not provide sufficient information for Unum Life to form a belief as to the truth of those allegations and, therefore, Unum Life denies the same.

8.    Unum Life denies the allegations of paragraph 8 of the Complaint to the extent that it alleges that plaintiff received benefits under only one policy.   The

- 2 -

remaining allegations of Paragraph 8, as worded, do not provide sufficient information for Unum Life to form a belief as to the truth of those allegations and, therefore, Unum Life denies the same.

9.    Unum Life denies that plaintiff is entitled to further benefits under any of the subject policies.  The remaining allegations of Paragraph 9, as worded, do not provide sufficient information for Unum Life to form a belief as to the truth of those allegations and, therefore, Unum Life denies the same.

10.    Unum Life denies the allegations of Paragraph 10.


## COUNT TWO

11.    Unum Life reasserts its prior responses to paragraphs 1 through 10 of plaintiff's complaint as if fully set forth herein.

12.    The terms of the September 1, 2004 letter speak for themselves and Unum Life denies the allegations of Paragraph 12 to the extent that they differ from the terms of the letter.  Unum Life denies the remaining allegations of Paragraph 12.

13.    The terms of the September 1, 2004 letter speak for themselves and Unum Life denies the allegations of Paragraph 13 to the extent that they differ from the terms of the letter.   Unum Life denies the remaining allegations of Paragraph 13.

14.    Unum Life denies the allegations of paragraph 14, as worded.

15.    Unum Life denies the allegations of paragraph 15, as worded.

16.    Unum Life denies the allegations of paragraph 16.

17.    Unum Life denies the allegations of paragraph 17.

<u>COUNT THREE</u>

18.    Unum Life reasserts its prior responses to paragraphs 1 through 17 of plaintiff's complaint as if fully set forth herein.

19.    Unum Life admits that policy number H0601154, was issued by New York Life, that policy numbers LAD169168 and LAN550174 were issued by Unum Life, and that policy number LAN550175, a business overhead policy, was issued by Unum Life.    The policies speak for themselves.    To the extent the allegations of Paragraph 19 differ from the terms of the policies, Unum Life denies those allegations. Unum Life denies the remaining allegations of Paragraph 19 of the Complaint, as worded.

20.    Unum Life denies the allegations of paragraph 20.

21.    Unum Life denies the allegations of paragraph 21, as worded.

22.    Unum Life denies the allegations of paragraph 22.

**<u>GENERAL DENIAL</u>**

Unum Life denies the allegations in plaintiff's complaint except to the extent expressly admitted hereinabove and denies that plaintiff is entitled to any relief in this action.

**<u>FIRST DEFENSE</u>**

Plaintiff's complaint and each claim therein fails to state claims upon which relief can be granted against this defendant.

**<u>SECOND DEFENSE</u>**

This defendant pleads that plaintiff's claims are barred by the applicable statutes

of limitation.

### THIRD DEFENSE

This defendant pleads that plaintiff failed to satisfy conditions precedent to recovery under the subject policies.

### FOURTH DEFENSE

This defendant pleads that the injuries and damages complained of were caused by plaintiff's own conduct.

### FIFTH DEFENSE

This defendant pleads that plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE

This defendant denies that it has been guilty of any wanton conduct, misrepresentation, bad faith or any other conduct that would support an award of punitive damages against it.

### SEVENTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to this defendant under the Constitution of Alabama and the Constitution of the United States.

### EIGHTH DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the

Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 6, 9, 11, 13, 15, and 35 of the Constitution of Alabama, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.    The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

2.    The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.    The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

4.    There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

5.    The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6.    The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of

- 6 -

what the law should be instead of what it is;

8.     The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.     The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against a defendant;

13.     The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

14.     An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

15.     Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

16.     An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case.

17.     The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiffs, if any.

### NINTH DEFENSE

The imposition of punitive damages deprives Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1 and 6, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.     Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in  13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

2.     The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3.     The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

- 8 -

4.    Punitive damages are penal in nature, and defendant, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### TENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in 13A-5-11 and 13A-5-12, *Code of Alabama* (1975), jointly and separately.

### ELEVENTH DEFENSE

The assessment and adjudication against a defendant of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

### TWELFTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and severally:

1.    The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the plaintiff;

2.    The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the defendant's property with no rationally stated purpose; and

3.    Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

### THIRTEENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Sections 5 and 6 of the Constitution of Alabama because punitive damages are penal in nature, and Defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### FOURTEENTH DEFENSE

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the Constitution of the United States.

### FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of any defendant's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### SIXTEENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due

process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u> because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### SEVENTEENTH DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Section 6 of the <u>Constitution of Alabama</u>.

### EIGHTEENTH DEFENSE

Any award of punitive damages to the plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the <u>Constitution of the United States</u> and Article 1, Section 22 of the <u>Constitution of Alabama</u> prohibiting laws which impair the obligation of contracts.

### NINETEENTH DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the <u>Constitution of the United States</u> as incorporated into the Fourteenth Amendment of the <u>Constitution of the United States</u>.

### TWENTIETH DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to Alabama Code 6-11-21.

### TWENTY-FIRST DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent

standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against any defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section VI of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

### TWENTY-SECOND DEFENSE

Plaintiff's claim for benefits is subject to any reductions or offsets applicable under the subject disability insurance policy and his claims are barred or reduced, in whole or in part, by benefits he has already received or obtained.

### TWENTY-THIRD DEFENSE

Plaintiff's fraud claims fail to state claims upon which relief can be granted as Plaintiff has failed to plead fraud with the specificity required by *Fed.R.Civ.P.* 9(b).

### TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to any future damages.

### TWENTY-FIFTH DEFENSE

The allegations in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, Plaintiff is entitled to no jury, and any recovery due Plaintiff is limited solely to recovery expressly allowed by ERISA.

Unum Life reserves the right to assert further defenses in this action as discovery progresses.

s/ *Douglas W. Fink*
Douglas W. Fink          dfink@handarendall.com
Henry T. Morrissette     hmorrissette@handarendall.com
Attorneys for Defendant
Unum Life Insurance Company of America

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 2, 2005, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

Joel S. Rogers, III      joelrogers@bellsouth.net
Amy I. Rogers            amyirogers@bellsouth.net

s/ *Douglas W. Fink*
Douglas W. Fink       Bar No. 42920
Attorney for Defendant
    HAND ARENDALL, LLC
    Post Office Box 123
    Mobile, Alabama 36601
    Phone:  (251) 432-5511
    Fax:      (251) 694-6375
    E-mail: dfink@handarendall.com

362781_1