IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS W. BAKER, DMD, | § | |
| Plaintiff, | § | CASE NO |
| vs. | § | 2:05-cv-497-F |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | | |

### REPORT OF THE PARTIES' PLANNING MEETING

COME NOW the parties to the above-captioned case, and hereby file their Report of the Parties' Planning Meeting held pursuant to FED. R. CIV. P. 26(f) and the Orders of this Court. For their report of said meeting, the parties jointly state the following:

1. Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 12, 2005, between Joel S. Rogers, appearing on behalf of Plaintiff Curtis W. Baker, DMD, and Douglas W. Fink, appearing on behalf of Defendant Unum Life Insurance Company of America.

2. <u>Pre-Discovery Disclosures</u>. The parties will exchange, by August 3, 2005, the information required by FED. R. CIV. P. 26(a)(1).

3. <u>Discovery Plan</u>. The parties propose the following discovery plan:

a) Plaintiff and Defendant maintain that discovery will be needed on the following subjects:

    (1) Plaintiff's alleged entitlement to benefits.

(2) Plaintiff's alleged damages and alleged entitlement to recovery.

(3) All facts and documents relating to the allegations set forth in Plaintiff's Complaint.

(4) The extent to which plaintiff's claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq.

(5) The liability, if any, of the defendant.

(6) All facts and documents relating to the affirmative defenses set forth in defendant's Answer.

(7) The extent of plaintiff's vocational limitations, if any.

(8) Plaintiff's job duties during his regular occupation.

(9) Plaintiff's medical condition and any previous or subsequent disability claims.

(10) Any and all communications between plaintiff and his treating physicians or anyone else who assisted with the submission of his disability claim.

(11) Plaintiff's activities during the pre-claim and post-claim periods of time in question, both work-related and non-work-related.

(12) The circumstances surrounding plaintiff's employment relationship.

(13) Any and all communications between plaintiff, or anyone acting on his behalf, and defendant or anyone alleged to have been acting on its behalf.

(14) Plaintiffs' medical records and employment/business records.

(15) The extent of coverage available under the subject policies.

(16) All facts and documents relating to plaintiff's claim for breach of contract.

(17) All facts and documents relating to plaintiff's bad faith claims.

    (18)    All facts and documents relating to plaintiff's fraud and misrepresentation claims.

    (19)    All facts and documents relating to the purchase of plaintiff's disability insurance policies and payment of all premiums for the same.

    (20)    All matters relating to the issue of whether plaintiff is disabled under the subject policies of insurance.

(c)    Unless modified by Court Order for good cause shown, all discovery must be commenced in time to be completed by April 14, 2006.

(d)    Unless modified by stipulation of the parties:

Interrogatories: Maximum of twenty-five (25) interrogatories by each party to any other party. Responses due thirty days after service.

Requests for Admission: Maximum of forty (40) requests for admission by each party to any other party. Responses due thirty days after service.

Requests for Production: Maximum of forty (40) requests for production by each party to any other party. Responses due thirty days after service.

Depositions: Maximum of eight depositions by each party. Each deposition limited to a maximum of seven hours, per *F.R.Civ.P.* Rule 30(d)(2).

Supplementation: Supplements under Rule 26(e), Fed. R. Civ. P., are due no later than 30 days before the close of discovery.

(e)    Expert Testimony. Unless modified by stipulation of the parties, the reports of retained experts under Rule 26(a)(2) are due:

    a.    from Plaintiff by February 17, 2006; and
    b.    from Defendant by March 17, 2006.

4.    Scheduling Order Conference. The parties do not request a conference with the Court before entry of the scheduling order.

5.    Pre-Trial Conference. The parties request a pretrial conference in July, 2006.

6.    Parties. Plaintiff should be allowed until October 28, 2005 to join additional parties and Defendant should be allowed until November 29, 2005 to join additional parties.

7. <u>Pleadings</u>. Plaintiff shall have until October 28, 2005 to amend the pleadings and Defendant shall have until November 29, 2005, to amend the pleadings.

8. <u>Dispositive Motions</u>. All potentially dispositive motions must be filed by April 21, 2005.

9. <u>Final Lists.</u> Final lists of witnesses and exhibits under Rule 26(a)(3) must be served and filed by both parties 30 days before trial. Objections are to be filed within ten days after receipt of final lists.

10. Settlement cannot be evaluated prior to initial discovery.

11. <u>Trial</u>. This case should be ready for a jury trial in August, 2006 and, at this time, is expected to take approximately four days.

Dated this 18 day of July, 2005

Joel S. Rogers, III
_____
JOEL S. ROGERS, III

Joel S. Rogers, III, Esquire
Amy I. Rogers, Esquire
Post Office Box 5180
Clanton, Alabama 35046
Phone: (205) 755-7880
Fax: (205) 755-7881

_____
DOUGLAS W. FINK          (FINKD3798)
Attorney for Defendant
Unum Life Insurance Company of America

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Fax: (251) 694-6375

374198_1