IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS W. BAKER, DMD, | § | |
| Plaintiff, | § | CASE NO |
| vs. | § | 2:05-cv-497-F |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | | |

## <u>MOTION FOR SUMMARY JUDGMENT</u>

Comes now Unum Life Insurance Company of America ("Unum Life") and respectfully moves this Court to enter, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment in its favor as to all claims and allegations, separately and severally, asserted against it in Counts One (Breach of Contract), Two (Misrepresentation and Fraud) and Three (Bad Faith) of the Complaint of Curtis W. Baker, DMD ("Dr. Baker").

In addition to the pleadings and other papers on file with the Court, Unum Life's motion is based upon admissions made by Dr. Baker during his deposition, the Affidavit of Holly A. Crawford ("Crawford Affidavit") and various exhibits, all of which are being filed contemporaneously herewith, as well as a supporting brief, which is also being filed contemporaneously herewith.  Unum Life is entitled to summary judgment for the reasons set forth below:

1.     During his deposition, Dr. Baker conceded the terms and conditions of the four insurance policies made the basis of his lawsuit.  He further conceded as follows: (1) that his disability arose out of a sickness when he was 64 years old; (2) where, as here, total disability due to sickness occurs after age 60, the policies provide a maximum benefit period of twenty-four months; and (3) Unum Life paid Dr. Baker benefits for a period of twenty-four months under each of the subject policies.   Dr. Baker further testified that he could not explain his contention that there has been a breach of any contract and was unable to identify any rider or policy provision under which he is entitled to further benefits.  Thus, Unum Life is entitled to summary judgment in its favor with respect to Count One of the Complaint.

2.     Based upon Dr. Baker's admissions during his deposition, there was neither an actionable misrepresentation nor fraud and Unum Life should be granted judgment in its favor on Count Two of the Complaint.  Furthermore, Dr. Baker's contention that the subject policies did not live up to Unum Life's promises or to the agent's representations is, essentially, a promissory fraud claim and plaintiff cannot meet his burden of proving promissory fraud.   Finally, Plaintiff's misrepresentation and fraud claims are barred by the applicable two-year statute of limitations because Dr. Baker, through receipt of his policies in 1966, 1976 and 1992, was on notice at that time of the exact nature of the coverage provided therein.  Thus, Unum Life is entitled to summary judgment in its favor with respect to Count Two of the Complaint.

3.      Regarding Count Three of his Complaint, Dr. Baker cannot prevail on his claim of bad faith since he was not able to articulate any meritorious claim that Unum Life breached any of the subject contracts by failing to pay valid claims thereunder, much less that it breached any contract in bad faith.  Indeed, the evidence in this case reflects that Unum Life accepted Dr. Baker's claims and, based upon the undisputed terms and conditions of the policies, paid the maximum benefits to which Dr. Baker was entitled thereunder.   In any event, Dr. Baker's bad faith cause of action is barred by the applicable two-year statute of limitations inasmuch as Dr. Baker was, by virtue of correspondence from Unum Life, on notice of any alleged bad faith more than two years before he filed this lawsuit.

WHEREFORE, Unum Life respectfully moves this Court to enter, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment in its favor as to all claims and allegations, separately and severally, asserted against it in Dr. Baker's Complaint.

Respectfully submitted,

s/  *Douglas W. Fink*
Douglas W. Fink        dfink@handarendall.com
Henry T. Morrissette   hmorrissette@handarendall.com
Attorneys for Defendant
Unum Life Insurance Company of America

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Phone: (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

I hereby certify that on this day, April 18, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

Joel S. Rogers, III          joelrogers@bellsouth.net
Amy I. Rogers               amyirogers@bellsouth.net

s/ *Douglas W. Fink*
Douglas W. Fink      Bar No. 42920
Attorney for Defendant
    HAND ARENDALL, LLC
    Post Office Box 123
    Mobile, Alabama  36601
    Phone:   (251) 432-5511
    Fax:     (251) 694-6375
    E-mail: dfink@handarendall.com

463519_1