IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS W. BAKER, DMD, | § | |
| Plaintiff, | § | CASE NO |
| vs. | § | 2:05-cv-497-F |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF HOLLY A. CRAWFORD

COMMONWEALTH OF MASSACHUSETTS:

COUNTY OF WORCESTER:

I, Holly A. Crawford, state the following:

1.  My name is Holly A. Crawford. I am over the age of nineteen years and competent to make this Affidavit. I have personal knowledge of the matters set forth below in my capacity as Quality Compliance Consultant with UnumProvident Corporation. In that capacity, I administer claims on policies of insurance issued by Unum Life Insurance Company of America ("Unum Life") and New York Life Insurance Company, such as the ones at issue in this matter.



2.  Curtis Baker, DMD, ("Plaintiff") alleges that he became disabled by meningitis on December 18, 2002. He asserted a claim for benefits under three different disability policies and a business overhead policy. True and correct copies of the four subject policies and Dr. Baker's claim forms are being filed as exhibits to Unum Life's brief in support of its motion for summary judgment.

3.  When Dr. Baker filed his claim, Unum Life did not contest his alleged disability under the subject policies. Instead, it investigated and then began paying benefits under each of the four policies.

4.  On February 25, 2003, Unum Life wrote the Plaintiff and advised him of the status of his claim and the maximum benefits to which he was entitled under the policies. A true and correct copy of the February 25, 2003 letter is being filed as an exhibit to Unum Life's brief in support of its motion for summary judgment.

5.  One of the policies, Policy Number LAD169168 (identified as Policy 2 in Unum Life's brief), contains a loss of use provision that entitles an insured to receive benefits during a policy's elimination period, here three months, if the insured suffers a "total loss of use" of "hearing in both ears." However, the loss of use provision expressly states that total payments are still limited by the policy's maximum benefit period, here 24 months. Furthermore, in its letter to Dr. Baker of June 28, 2004 (a true and correct copy of which is being filed as an exhibit to Unum Life's brief), advising Dr. Baker that he would receive loss of use benefits under Policy 2, Unum Life specifically pointed out that, pursuant to the

terms and conditions of the policy, loss of use benefits were explicitly limited by the twenty-four month maximum benefit period.

6.  In July of 2004, Unum Life paid Dr. Baker $6,000.00, representing benefits for the elimination period under the Policy 2 loss of use provision (i.e., for the period from December 19, 2002 to March 19, 2003). Thereafter, Unum Life proceeded to pay benefits for a full twenty-four months beyond the elimination period, mistakenly overlooking the fact that it had already paid benefits for the elimination period. Thus, Dr. Baker has actually been paid in excess of twenty-four months of benefits under Policy 2 (number LAD169168) rather than the twenty-four months he was owed; an overpayment of $6,000 worth of benefits.

7.  In September of 2004, Unum Life calculated the amount of benefits that Dr. Baker would be due through the termination of the twenty-four month maximum benefit period and offered to pay him that full amount, in advance. A true and correct copy of Unum Life's September 1, 2004 letter extending that offer is being filed as an exhibit to Unum Life's brief.

8.  Each of the four subject policies provided a maximum benefit period of twenty-four months and Dr. Baker was paid twenty-four months worth of benefits, and then some, under the four policies.

9.  Documentation upon which Unum Life relied in determining that no additional benefits were due beyond the maximum benefit periods is included in Unum Life's claim file relating to Dr. Baker and a true and accurate copy of the

claim file has been Bates labeled UACL00001 through UACL00476. True and accurate copies of some of these documents are being filed as exhibits to the brief in support of Unum Life's motion for summary judgment.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17th, 2006.

*Holly J Crawford*
Holly A. Crawford

**Commonwealth of Massachusetts:**
**County of Worcester:**

On this 17th day of April, 2006, before me, the undersigned notary public, personally appeared Holly A. Crawford, proved to me through satisfactory evidence of identification, which were ___personally known to me___, to be the person whose name is signed on the preceding or attached document in my presence.

_____
Notary Public:
My Commission Expires: 2/4/11

BETSY LOU McKINLAY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 4, 2011

462810_1

- 4 -