

UNUMPROVIDENT

February 25, 2003

Beverly Baker
258 County Rd
Clanton, AL 35046

Re: Curtis W. Baker
Policy No: H0601154; CLA023990; CLA023991; CLA023992

Dear Mrs. Baker:

Thank you for the courtesies extended during our telephone conversation Wednesday, February 12, 2003. At this time, we would like to provide you with an outline of your husband's policy provisions.

Policy H0601154 provides for a monthly indemnity of $700.00 following the expiration of a 30-day elimination or waiting period. According to the claim forms submitted, Dr. Baker's last day at work was December 18, 2002. Based upon a disability date of December 19, 2002, your husband's benefits began to accrue as of January 18, 2003. We have reviewed your husband's claim and have determined that benefits are payable at this time under policy H0601154. A check in the amount of $700.00, which represents the benefits for the period of January 18, 2003 to February 18, 2003, has been sent to you under separate cover. This policy provides Dr. Baker a maximum benefit period to his 65th birthday, but not less than 24 months, provided he meets all provisions of his policy.

Policy H0601154 defines total disability as:

> "total disability", as used in this policy, means the complete inability of the Insured to perform any and every duty pertaining to his occupation except where that disability has continued for more than a total of five years after the income commencement date applicable to it under Benefit 1. After the Insured has been so disability for five years, that disability will continue to be considered "total disability" only if the Insured is unable to engage for remuneration or profit in any and every occupation or business for which he is reasonably fitted by education, training or experience.

Under the terms of policy CLA023990, there is a 90-day Elimination Period during which no benefits are payable. Benefits begin to accrue on the 91st day and are payable monthly in arrears. According to Dr. Baker's claim form, his restrictions and limitations began December 19, 2002. Therefore, his Elimination Period will be met on March 18, 2003, with benefits beginning to accrue as of March 19, 2003. Should we accept liability on Dr. Baker's claim, benefits are issued

UACL00102

UnumProvident Corporation · 18 Chestnut Street, Worcester, MA 01608-1528 · 508.799.4441 · www.unumprovident.com


DEFENDANT'S EXHIBIT

monthly in arrears. This policy provides Dr. Baker a maximum monthly benefit of $2080.00 and a maximum benefit period of to the later of (A) age 65 policy anniversary or (B) 24 months after disability payments begin, provided you meet all provisions of your policy.

Policy CLA023990 defines total disability as:

> **Total disability and totally disabled** mean:
> 1. injury or sickness restricts your ability to perform the material and substantial duties of your regular occupation to an extent that prevents you from engaging in your regular occupation.
> 2. you are receiving medical care from someone other than yourself which is appropriate for the injury or sickness. We will waive this requirement when continued care would be of no benefit to you.

Policy CLA023990 also states:

> Benefit for Loss of Use. Limited by the Maximum Benefit Period, we will pay the Maximum Disability Benefit monthly while an injury or sickness causes you the total loss of use of:
> 1. speech, hearing in both ears, or sight in both eyes; or
> 2. one hand and one foot; or
> 3. both hands; or
> 4. both feet.
>
> We will pay this benefit from the date of loss. Your ability to work will not matter.

Upon receipt of your medical records we will review them and determine whether or not Dr. Baker meets the criteria for the Benefit for Loss of Use. Should he meet this requirement, the Elimination Period for this policy will be waived and benefits will be payable from his date of disability, December 19, 2002.

Under the terms of policy CLA023991, there is a 90-day Elimination Period during which no benefits are payable. Benefits begin to accrue on the 91st day and are payable monthly in arrears. According to Dr. Baker's claim form, his restrictions and limitations began December 19, 2002. Therefore, his Elimination Period will be met on March 18, 2003, with benefits beginning to accrue as of March 19, 2003. Should we accept liability on your claim, benefits are issued monthly in arrears. This policy provides you a maximum monthly benefits of $2000.00 and a maximum benefit period to the later of: A) Age 65 policy anniversary or B) 24 months after disability payments commence, provided you meet all provisions of your policy.

Policy CLA023991 defines total disability as:

> "Total Disability" means the inability of the Insured to perform the duties of his regular occupation. However, the total loss by the Insured of the use of both hands, both

UACL00103

2

feet, or one hand and one foot, or the total loss of speech, hearing of both ears, or sight of both eyes shall be deemed to constitute "Total Disability" so long as such total loss of use, speech, hearing or sight shall continue, irrespective of whether the Insured engages in his or any other gainful occupation.

As you may recall, policy CLA023992 is a Business Overhead Expense Policy. Under the terms of this policy, there is a 14-day Elimination Period during which no benefits are payable. Benefits begin to accrue on the 15th day and are payable monthly in arrears. According to your husband's claim form, his restrictions and limitations began December 19, 2002. Therefore, the Elimination Period for this policy was met on January 1, 2003, with benefits beginning to accrue as of January 2, 2003. According to the policy:

> If, as the result of sickness or injury, the Insured suffers Total Disability, requiring the attendance of a legally qualified physician other than himself, that begins while this policy is in force, the Company will periodically reimburse the Insured for the Covered Overhead Expenses actually incurred by him as defined herein but not to exceed the Maximum Overhead Expense Benefit stated in the Policy Schedule, commencing with such expenses as are incurred by him after the expiration of the Elimination Period specified in the Policy Schedule.
>
> If a reduction in expenses causes the benefits to be payable at a lesser rate than the Maximum Monthly Overhead Expense Benefit, such <u>payments will continue until the total amount of benefits paid for such disability is equal to the Maximum Monthly Overhead Expense Benefit</u> specified in the Policy Schedule multiplied by the number of month for Maximum Benefit Period specified in the Policy Schedule, but in no event shall the number of such monthly payments exceed twice such number of months for the Maximum Benefit Period.
>
> The amount of benefit payable hereunder on account of Total Disability for a fractional part of a month shall be the lesser of the monthly Covered Overhead Expenses incurred during the whole month or the Maximum Monthly Overhead Expense Benefit divided by the number of days in such month, and the quotient shall be multiplied by the number of days of continuous Total Disability suffered by the Insured in such month.

According to this policy:

> "Total Disability" <u>means the inability of the Insured to perform the duties of his regular occupation;</u> however the total loss by the Insured of the use of both hands or both feet or one hand and one foot or the total loss of speech or hearing of both ears or sight of both eyes shall be deemed to constitute "Total Disability" so long as such <u>total loss of use, speech, hearing or sight</u> shall continue, irrespective of whether the Insured engages in his or any other gainful occupation;

UACL00104

3

"Covered Overhead Expenses" shall include the charges incurred by the Insured in the operation of his office or business, or in the event of joint occupancy, the Insured's share of such expenses for rent electricity, telephone, heat, water, laundry, depreciation, employees' salaries and such other fixed expenses as are normal and customary in the conduct and operation of his office or business. "Covered Overhead Expenses" shall not include salary, fees drawing account or any other remuneration for the Insured or any member of the Insured's profession, or family, or a partner employed by or working with the Insured, or cost of goods, wares, merchandise or any nature, implements of the Insured's profession or occupation, or payments on mortgage principal or any kind of expense for which the Insured was not liable in the regular course of such operation <u>immediately preceding the commencement date of Total Disability.</u>

In order to determine Eligibility for benefits under the Business Overhead Expense policy, we require the following:

- the enclosed W-9, completed in full;
- copy of 2001 business tax returns. Requested in an effort to verify the reasonableness of submitted expenses;
- accountant prepared Profit & Loss statement for each moth you are claiming a Business Overhead Expense. If unable to provide accountant prepared statements, please forward copies of cash receipts and cash disbursement journals as well as copies of cancelled checks and business bank statements;
- list of employees and titles as well as to whether or not they are of relation to you. If an employee is a relative, please provide of what relation.

In order to consider benefits under the above policies, we have requested a copy of your husband's medical records from Dr. Eslami and Baptist Shelby Medical Center/Hospital. Your husband's claim file will be reviewed by our medical consultant once this information has been received.

Finally for each month of disability claimed, we will need the enclosed Insured's Supplementary Statement of Claim form completed by your husband and his attending physician confirming that he is receiving care from his doctor which is appropriate for the condition causing the disability.

We have enclosed a progress report to be completed by your husband and his attending physician. The completed form should be returned no later than March 25, 2003. We have attached a return envelope for your convenience.

We are committed to making a prompt decision on this claim. We will determine eligibility for benefits as soon as reasonably possible following the receipt of all necessary documentation.

We would like to remind you that every claim is unique and the time frame for evaluation will vary. Please note that *you* are instrumental in the process. You should promptly provide the

UACL00105

4

requested information to our Company and direct your treatment providers to immediately respond to our request(s) for medical records. We will periodically update you with the status of your disability claim and notify you once we have determined your eligibility for benefits.

If you have any questions regarding your claim, please contact us at (888) 226-7959, extension 75249.

Sincerely,

*Jennifer L. Gurganus*

Jennifer L. Gurganus
Lead Customer Care Specialist
Unum Life Insurance Company of America
The Paul Revere Life Insurance Company
UnumProvident Corporation

Enclosures: PR, RE, W-9, Commitment to Service Card

UACL00106

5